UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION-YOUNGSTOWN

In Re: **Thomas Taylor, Sr.** ) Chapter 13 Case No. 16-40053
**Mashelle Taylor** )
) Judge Kay Woods
)
) X Original Chapter 13 Plan 1-14-16
) ☐ Modified/Amended Chapter 13 Plan

****************************************************************

### ATTENTION CREDITORS AND PARTIES IN INTEREST.

This Plan sets forth how the Debtor proposes to pay claims. Creditors should review the Plan to determine how their claims will be treated. Creditors must exercise their own judgment in deciding whether to accept or oppose the Plan. Each creditor should read this Plan carefully and discuss it with its attorney. Anyone who wishes to oppose any provision of this Plan must file with the Court a timely written objection unless such objection is one provided for in Article IV, below. This Plan may be confirmed and become binding without further notice or hearing unless a timely written objection is filed. **Creditors must file a proof of claim with the Clerk of the Bankruptcy Court in order to receive distributions under this Plan. Absent an objection by the Debtor or other party in interest, the Trustee shall pay claims as filed. All claims must comply with FED. R. BANKR .P. 3001 and secured claims must comply with FED. R. BANKR. P. 3001(c). Creditors claiming a right to interest should state the interest rate and the <u>total</u> amount of the claim, as of the case filing date, on the <u>front page</u> of the proof of claim.**

---

### ARTICLE I.     PLAN PAYMENTS

Within ten (10) days after the filing of this bankruptcy case, the Debtor or Debtors in a joint case (hereinafter "Debtor") shall commence making monthly plan payments ("Plan Payments") pursuant to 11 U.S.C. § 1326(a)(1), as follows:

1 A.  To the Standing Chapter 13 Trustee (hereinafter "Trustee"): **$750.00** per month, for a period of **60** months, payable in
X   monthly    ☐ semi-monthly    ☐ bi-weekly    ☐ weekly    installments of
$ **750.00** each.

1 B.  Upon request of the Trustee, subject to objection by Debtor, the Debtor may be required to devote all annual federal, state and/or local income tax refunds (excluding credits of any kind) greater than $1,500.00 (One Thousand Five Hundred Dollars) ("Excess Tax Refund") to the repayment of creditors under this Plan, which contribution shall be in

addition to the payments in Article 1A, above, and the dividend to general unsecured creditors shall increase commensurate with the additional contribution.

**1 C.** Based upon claims filed and payments received by the Trustee, the Plan, after confirmation, may extend beyond its stated term without further application or notice, but in no event shall it extend beyond sixty (60) months after confirmation.

**1 D.** If a Plan proposes a dividend in an amount to which no objection is filed by a creditor or party in interest and such dividend is increased by Agreed Order between Trustee and Debtor, based on claims then filed or estimated and, subsequent to such increase, additional claims are thereafter allowed, the dividend to general unsecured creditors may be reduced to an amount, not less than provided for in the original Plan for which creditors were provided notice, without further hearing or additional notice to creditors.

### ARTICLE II.    TREATMENT OF CREDITORS

**2 A.** **General Unsecured Claims-** Each creditor holding an allowed general unsecured claim shall be paid a dividend of at least **10**% of the amount of the allowed claim. No interest shall be paid on any unsecured claim unless: (i) specifically provided for by the Plan, and/or (ii) as provided by operation of law.

**2 B.** **Co-debtor Obligations-** The following unsecured consumer debts for which there is a non-Debtor co-signor shall be separately classified and paid:

- ☐ (a) In full through the Plan:

- ☐ (b) Directly by the non-debtor co-obligor outside the Plan:

- ☐ (c) Through the Plan in manner provided for payment of general unsecured claims:

**2 C.** **Priority Claims-** All allowed claims entitled to **priority** under 11 U.S.C. § 507 shall be paid in full in deferred cash payments over the projected term of the Plan, unless a holder of a particular claim agrees to a different treatment. In addition to the costs of administration, which are to be paid in accordance with the standing Orders of this Court, these claims include:

| Name of Creditor | Amount |
|---|---|
| 1. East Liverpool Income Tax | $900.66 |
| 2. | |
| 3. | |

**2 D.   Secured Claims for Which § 506 Valuation is Not Permitted-** 11 U.S.C. § 1325(a) (*i.e.*, 910 DAY VEHICLE CLAIMS AND SECURED DEBTS INCURRED WITHIN ONE YEAR). Each of the following allowed claims shall be paid through the Plan, in equal monthly payments, until the amount of the secured claim, as set forth in the creditor's proof of claim or by separate order of the Court, has been paid in full.  Claims listed in this subsection consist of debts secured by (i) a purchase money security interest in a vehicle acquired within 910 days preceding the filing of the bankruptcy petition for the personal use of the Debtor or (ii) anything of value if the debt was incurred during the 1-year period preceding the filing of the petition.

|    | Name of Creditor | Proposed Amount of Allowed Secured Claim | Interest Rate |
|----|------------------|------------------------------------------|---------------|
| 1. | Huntington Bank<br>2009 Chevrolet Impala | $7,000.00 | 5.50% |
| 2. | Ally<br>2010 Chevrolet Silverado | $25,000.00 | 5.50% |
| 3. |  |  |  |

**2 E.   Secured Claims-Residence/Real Property- Secured** claim(s), secured only by a lien on Debtor's residence, the last payment upon which debt is due after the date on which the final payment under the Plan is due, shall survive discharge, and shall receive current monthly payments pursuant to the underlying contract between creditor and Debtor. Secured creditors listed below shall be paid directly by the Debtor "**outside**" the plan unless otherwise indicated in Article XII, below.  The arrearage, if any, will be paid by Trustee through the Plan over the projected term of the Plan.  No interest shall be paid on any pre-petition mortgage arrearage as part of the cure of the default.

| Creditor | Arrearage Amount |
|----------|------------------|
|          |                  |

1.
2.

**2 F.   Secured Claims-Other-** The following allowed **secured** claims shall be paid by the Trustee through the plan.  Each claim is secured to the extent of the value of the corresponding collateral, as indicated below; provided, however, that the amounts set forth herein are not binding valuations of the collateral.  The remainder of the claim, if any, is unsecured.  Payments shall be made in equal monthly payments over the projected term of the Plan.

| Creditor | Value of Security | Interest Rate | Amount of Unsecured Claim |
|----------|-------------------|---------------|---------------------------|
|          |                   |               |                           |

1.
2.
3.

A holder of a secured claim shall retain the lien securing such claim until the amount for which

the claim is allowed, both secured and unsecured, is paid in full or a discharge is granted, pursuant to 11 U.S.C. § 1328.

**2 G.** **Adequate Protection Payments Pending Plan Confirmation**- All adequate protection payments required by § 1326(a)(1)(A) and (C) shall be made pursuant to Administrative Order 05-10.

**2 H.** **Lien Avoidance**- The Debtor proposes to (i) avoid the lien(s) held by the following creditors by separate motion or adversary proceeding pursuant to §§ 522(f), 506(a)(d), or other applicable provisions of the Bankruptcy Code; and (ii) pay claims based on these liens as a general unsecured claim(s) upon the entry of a final order by the Court determining that such avoidance is proper and allowed.

Name of Creditor               Amount

1.
2.

**2 I.** **Domestic Support Obligations Pursuant to 11 U.S.C. § 101(14A)**

Debtor    ☐ Does    X Does Not    have domestic support obligation(s).

If the Debtor does have domestic support obligation(s):
The holders of any claims for domestic support obligations pursuant to 11 U.S.C. § 1302(d) are specified below. If the holder of a claim is a minor, the name and address of such minor has been disclosed to the Trustee contemporaneously with the filing of this Plan in compliance with 11 U.S.C. § 112.

Holder Name          Address of Holder (if known)         Address of Child
                                                          Enforcement Support Agency
                                                          (Mandatory)

Trustee shall pay, pursuant to 11 U.S.C. § 507(a)(1) over the term of the Plan, the allowed arrearage claims for domestic support obligations. Debtor shall directly pay all post-petition domestic support obligations as those payments ordinarily come due.

Payee Name         Address              Arrearage Claim

**2 J.** **Executory Contracts and Unexpired Leases**- All executory contracts and unexpired leases are rejected except the following, which are assumed and shall be paid:

☐    (a) Directly by Debtor to the Creditor outside the Plan:

     Name of Creditor    Identification of Contract/Property    Amount of Arrearage

1.
2.

☐   (b) By the Trustee through the Plan:

<u>Name of Creditor</u>    <u>Identification of Contract/Property</u>    <u>Amount of Arrearage</u>

1.
2.

Any cure payment of arrearage on an assumed contract shall be paid through the Plan in equal monthly installments over the term of the Plan.

**2 K.   Post-petition claims**-Creditors, subject to objection by Debtor, may elect to file a claim for a post-petition obligation, the filing of which claim will require the creditor to receive and accept that amount provided for similarly situated creditors in Debtor's Plan. Debtor may be required to file a modification or amendment to the Plan to provide sufficient funds to enable payment of such post-petition claim(s).

**ARTICLE III.        PROPERTY TO BE SURRENDERED**

Debtor will surrender property to the creditor(s) listed below and the creditor may file a claim for the deficiency, which will be treated as a non-priority general unsecured claim. Any unsecured deficiency claim must be filed the <u>later</u> of: (i) the time period provided for filing proofs of claim, or (ii) ninety (90) days after entry of a final Order directing the surrender or abandonment of the collateral. If the creditor does not timely file a claim, such creditor shall be deemed to have accepted the surrendered property in full satisfaction and discharge of the debt and shall be barred from participating in any payment for such debt under Debtor's Plan.

<u>Creditor</u>                <u>Property Description</u>

**ARTICLE IV.        TIME PERIOD FOR OBJECTION TO PROPOSED TREATMENT OF CLAIM**

As set forth above, Trustee shall pay claims as filed absent an objection by Debtor or other party in interest. A creditor may file (i) a proof of claim at any time prior to expiration of the bar date for filing proofs of claim in an amount other than as provided in this Plan; or (ii) in the alternative, an objection to the proposed Plan treatment, with respect to the amount, classification or priority of a claim. A creditor may object to an amended or modified plan within thirty (30) days after such amended or modified plan is filed, if the amended or modified plan changes the amount, classification or priority of such creditor's claim. The order of confirmation shall not be *res judicata* to the Court's consideration of any timely filed proof of claim.

**ARTICLE V.        DEBTOR'S DUTY TO REPORT CHANGE OF STATUS**

If any of the following events occur, Debtor shall fully and timely disclose the event to the Trustee and shall file any appropriate notice, application and/or motion with the Court and serve Trustee:

- Any change in marital status or child/spousal support payments;
- Any change in employment;
- Any change of address; and/or
- Any financial recovery to which Debtor becomes entitled for any reason, including without limitation, any personal injury claim, claim relating to termination of employment, workers' compensation claim, unemployment claim, social security claim, inheritance, life insurance benefits, lottery proceeds or property settlement.

**ARTICLE VI.    COURT APPROVAL FOR SALE OF ASSETS OR INCURRENCE OF DEBT**

During the pendency of this case, the Debtor is required to obtain Court approval prior to (i) transferring or selling assets (including refinancing real estate and/or leasing oil and gas rights); (ii) incurring obligations (including refinancing of current obligations); and/or (iii) making purchases on credit in excess of $1,000.00, except for normal and reasonable expenses for the maintenance or support of the Debtor and/or the Debtor's dependent(s). In addition, the Debtor is required to obtain Court approval prior to exercising any purchase option upon which an executory contract is proposed to be assumed by the Debtor in this Plan in Article II 2J, above.

**ARTICLE VII.    VESTING OF TITLE**

☐    (a)    Title to the Debtor's property shall re-vest in Debtor upon the completion of payments called for under the Plan and the issuance of Debtor's discharge.

☐    (b)    Title to the Debtor's property shall re-vest in the Debtor upon plan confirmation, subject to Section 348 of Title 11 of the U.S. Code.

If no box is checked, (a) shall apply.

**ARTICLE VIII.    DEADLINE TO FILE A PROOF OF CLAIM**

Except as provided in Article III, the deadline for a creditor (except a governmental unit) to file a proof of claim to participate in the distribution under this Plan shall be NINETY (90) DAYS after the originally scheduled FIRST MEETING OF CREDITORS (Section 341 Meeting) or as otherwise authorized by law and order of the Court. Creditors who fail to timely file proof(s) of claim shall have their debts discharged pursuant to Section 1328 of Title 11 of U.S. Code.

**ARTICLE IX.    PAYMENT OF DEBTOR'S ATTORNEY FEES**

Attorney fees for Debtor's counsel shall be paid pursuant to Administrative Order 14-02 (as may be amended hereafter).

**ARTICLE X.    SOURCE OF EXEMPTIONS**

The Debtor is claiming exemptions allowed pursuant to Ohio Revised Code Section 2329.66. The Debtor shall provide separate written notice to the Trustee and the Court, pursuant to Administrative Order No. 08-11 (as may be amended hereafter) if exemptions are or will be claimed other than O.R.C. § 2329.66.

**ARTICLE XI.    ADDITIONAL PROVISION**

Any deviations (additions, deletions, or changes) from this form Plan are required to be set forth below and should not contain a restatement of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure or Local Bankruptcy Rules.

*ADDENDUM TO ARTICLE II, SECTION 2C*
*Unless specifically listed in Article II, Section 2C Student Loan Creditors shall be paid as general unsecured creditors with any unpaid balance to survive the Chapter 13 discharge.*

*ADDENDUM TO ARTICLE II, SECTION 2E*
*Where there is a pre-petition arrearage on a real estate mortgage which is not being avoided under 11 U.S.C. 506, the contractual payment shall recommence in the month immediately following the month in which the Chapter 13 petition is filed. Further, if the real estate or mobile home which is the subject of the mortgage is surrendered post-petition [given up in this Chapter 13] or the mortgagee is granted Relief of Stay as to the property, the deficiency after sale, if any shall be considered a general unsecured claim.*

*ADDENDUM TO ARTICLE XI*
*The funds received by the Trustee are deemed disbursed when received by the Trustee.*

Date: 1-12-12-16

_____        _____
Thomas Taylor, Sr.                              Mashelle Taylor

_____
Attorney for Debtors